UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN SUTCH,

Plaintiff,

v.

WORLD SAVINGS BANK, et al.,

Defendants.

CASE NO. C16-5860BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S MOTION TO REMAND, AND GRANTING PLAINTIFF LEAVE TO AMEND

This matter comes before the Court on Defendants The Bank of New York and World Savings Bank, FSB's ("Defendants") motion to dismiss (Dkt. 10) and Plaintiff John Sutch's ("Sutch") motion to remand (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL HISTORY**

On September 8, 2016, Sutch filed a complaint against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. B. Sutch asserts causes of action for wrongful foreclosure, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief,

violations of the Truth in Lending Act ("TILA") and the Home Ownership and Equity Protection Act ("HOEPA"), violations of the Real Estate Settlement Procedures Act ("RESPA"), and rescission. *Id*.

On October 7, 2016, Defendants removed the matter to this Court. Dkt. 1.

On October 14, 2016, Defendants moved to dismiss all of Sutch's claims. Dkt. 10. On November 2, 2016, Sutch responded and filed a motion to remand. Dkts. 14, 15. On November 14, 2016, Defendants replied. Dkt. 16. On November 16, 2016, Defendants responded to Sutch's motion. Dkt. 17.

## II. FACTUAL BACKGROUND

On January 6, 2007, Sutch borrowed $392,000.00 from Wells Fargo's predecessor, World Savings Bank, FSB. The loan was memorialized by a promissory note and secured by a deed of trust recorded against 3515 27th Street Ct. NW, Gig Harbor, Washington. Dkt. 11, Exhs. 1, 2.

In January 2008, World Savings Bank, FSB changed its name to "Wachovia Mortgage, FSB." It later changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009. *Id*., Exhs. 3, 4, 5, 6, 7.

Sutch's loan has been in default since May 2011, and a Notice of Trustee's Sale was recorded on May 10, 2016. *Id*., Exh. 8.

## III. DISCUSSION

### A. Motion to Dismiss

Defendants move to dismiss all of Sutch's claims. Dkt. 10.

**1. Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

**2. Federal Claims**

Defendants argue that Sutch's TILA, HOEPA, and RESPA claims are barred by the statute of limitations. Dkt. 10 at 12. Sutch failed to respond to this argument, which the Court considers as an admission that the motion has merit. Local Rules, W.D. Wash. LCR 7(b)(2). Moreover, the Court agrees with Defendants that Sutch has filed his claims well past the three-year and one-year statute of limitations that begin to run when the loan is closed. 15 U.S.C. §§ 1635(f), 1640(e); 12 C.F.R. § 226.23(a)(3); 12 U.S.C. § 2614. Therefore, the Court grants Defendants' motion on Sutch's federal claims and dismisses the claims with prejudice.

**3. State Law Claims**

Defendants argue that all of Sutch's state claims are subject to dismissal because they are based on the allegedly improper securitization of his loan. Dkt. 10. The Court agrees because Washington courts have repeatedly rejected these arguments. *See*, *e.g.*, *Young v. Quality Loan Serv. Corp.*, C14-1713RSL, 2015 WL 12559901, at *1 (W.D. Wash. July 7, 2015) ("To the extent plaintiff intends to argue that the securitization of his mortgage nullified the underlying debt obligation, that argument has been routinely rejected in this district."). Therefore, the Court grants Defendants' motion and dismisses Sutch's state law claims.

The remaining issue is whether to dismiss the claims with or without prejudice. Although Sutch's claims are based on the improper securitization theory, Defendants have failed to show, on a claim-by-claim basis, that it is absolutely clear that Sutch's claims fail as a matter of law. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (dismissal is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Accordingly, the Court grants Sutch leave to amend his complaint.

**B. Motion to Remand**

Sutch moves to remand the matter to state court because there is a lack of both a federal question and diversity jurisdiction. Dkt. 15. While at the time of removal a federal question did exist, the Court has dismissed the federal claims with prejudice and there is no longer a federal question. Regarding diversity, Sutch argues that Defendants are citizens of Washington because they conduct business in Washington and the amount

in controversy can not be determined because the complaint does not state any specific amount of damages. Dkt. 15 at 4–6. Both of these arguments fail. A corporation's citizenship is determined by the location of its home office and not the states where it conducts business. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306–307 (2006). Defendants have sufficiently shown that they are citizens of other states. Moreover, damages in a declaratory judgment action are the amount of the property in question. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028–1029 (N.D. Cal. 2010). In this case, the property in question is valued at more than the jurisdictional minimum of $75,000. Accordingly, the Court denies Sutch's motion to remand.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 10) is **GRANTED**, Sutch's motion to remand (Dkt. 15) is **DENIED**, and Sutch is **GRANTED** leave to amend his complaint. If Sutch fails to file an amended complaint by February 3, 2017, or shows sufficient cause for the failure to meet this deadline, the Clerks shall enter **JUDGMENT** for Defendants and close this case.

Dated this 18th day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge